# THE MARGOLIN & WEINREB LAW GROUP, LLP
Attorneys at Law
165 Eileen Way, Suite 101
Syosset, New York 11791

ALAN WEINREB, ESQ.
C. LANCE MARGOLIN, ESQ.
CYNTHIA A. NIERER, ESQ.

(516) 921-3838
FAX (516) 921-3824
(516) 945-6055
www.nyfclaw.com

October 16, 2018

<u>Via ECF</u>
Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:   <u>Frias v. Strategic Realty Fund, LLC, et. al., 18-cv-04891 (JMA)(GRB)</u>

Dear Judge Azrack:

This firm appears herein through Alan Weinreb, Esq. partner at The Margolin & Weinreb Law Group, LLP, a named defendant (hereinafter "Defendant M&W") in the above referenced action. This letter shall serve as a formal request for a pre-motion conference for permission to make a motion to dismiss pursuant to F.R.C.P. 12(b)(6), pursuant to Your Honor's Individual Rule IV. B..

Plaintiff Alex Frias (hereinafter "Plaintiff" or "Frias") is a homeowner who took a mortgage on his property located at 330 Lehrer Avenue, Elmont, NY 11003. In 2008, U.S. Bank National Association, as Trustee for the Special Underwriting and Residential Finance Trust, Mortgage Loan Asset- Backed Certificates, Series 2006-BC1 (hereinafter "US Bank"), brought a foreclosure action to foreclose upon said mortgage in the Nassau County Supreme Court under Index Number 7907/2008 (hereinafter "2008 Foreclosure Action). Frias defaulted by failing to appear in the 2008 Foreclosure Action and a Judgment of Foreclosure and Sale was granted in favor of U.S. Bank. Counsel for U.S. Bank subsequently discontinued the foreclosure action by motion and on notice to Frias, which also went unopposed.

It is noted that Defendant M&W had no part in representation of U.S. Bank in the 2008 Foreclosure Action. Markedly, Defendant M&W's sole involvement arises from the mailing of a Notice of Default, which included a Notice pursuant to Fair Debt Collection Practices Act (hereinafter "FDCPA") (together referred to as the "Notice of Default") at the request of its client, co-defendant Strategic Realty Fund, LLC, in or about January 2018. *See* attached Notice of Default.

Plaintiff's first cause of action alleges violations of FDCPA, 15 U.S.C. 1692e, subsection (2) and (5). Frias complains mainly about "a letter" he received from Defendant M&W dated January 29,

2018 (presumably, the Notice of Default). Further, the Notice of Default sent by Defendant M&W specifically states that "*[t]his firm is relying on information provided by such entities. This firm makes no representation as to the enforceability of the debt. Further notification pursuant to the Fair Debt Collection Practices Act is provided further down below...*" [emphasis added]. Moreover, Plaintiff does not dispute executing the Note and Mortgage, does not deny owing the debt, does not dispute his lack of cure of the cited default, or that the subject debt had not been satisfied or otherwise discharged as of January 29, 2018. Lastly, the Notice pursuant to FDCPA contained within the Notice of Default, states that "[u]nless [Plaintiff] dispute[s] the validity of the Debt or any portion thereof within thirty days after receipt of this Notice, *we will assume that the Debt is valid.*" [emphasis added]. Plaintiff failed to dispute to the validity of the Debt within thirty days of his admitted receipt of the Notice of Default, which precludes Plaintiff's ability to raise this claim or cause of action under the FDCPA.

A motion pursuant to F.R.C.P. 12(b)(6) is proper in this matter as Defendant asserts subject matter jurisdiction based in part on FDCPA, 15 U.S.C. §1692k(d). 15 U.S.C. §1692k titled "Civil liability" sets forth guidelines for determining: (a) amount of damages; (b) factors considered by court in determining liability; (c) intent; (d) jurisdiction; and (e) advisory opinions of bureau. In that regard, subsection (c) states that "[a] debt collector *may not be held liable in any action brought under this subchapter* if the debt collector shows by a preponderance of evidence that the violation was *not intentional* and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." [emphasis added]. The Notice of Default exhibited in Plaintiff's Complaint contains the underlined provision that "*[t]his firm makes no representation as to the enforceability of debt*". [emphasis added]. Plaintiff's acknowledgment supports a finding that jurisdiction over Defendant M&W cannot be obtained under 15 U.S.C. §1692k(d).

Plaintiff's second cause of action alleges a violation of General Business Law §349. This claim cannot withstand a motion to dismiss under F.R.C.P. 12(b)(6). Frias asserts that by sending the Notice of Default, Defendants engaged in deceptive business practices which resulted in actual injury. As stated above, Plaintiff does not dispute executing the Note and Mortgage, does not deny owing the debt, does not dispute his lack of cure of the cited default, and the subject debt had not been satisfied or otherwise discharged as of January 29, 2018. As such, Plaintiff has failed to allege how Defendant M&W engaged in deceptive business practices and/or allege an actual injury.

Additionally, in Plaintiff's filed Certification of Arbitration Eligibility, counsel improperly asserts that the matter is ineligible for compulsory arbitration as the monetary damages sought are in excess of $150,000.00 exclusive of interests and costs. This claim is in stark contrast to Plaintiff's Complaint, and the Demand set forth therein, fails to state with specificity the monetary relief being sought. This is of particular importance where the maximum amount of statutory damages that can be sought for a violation of the FDCPA is $1,000.00 per violation. *See* 15 U.S.C. 1692k(a).

Here, only three violations of the FDCPA are alleged, which would result in a maximum amount of statutory damages of $3,000.00, which is well below the threshold for arbitration ineligibility.

Based upon the foregoing, it is respectfully requested that this Court schedule a pre-motion conference to set a briefing schedule for Defendant M&W's motion to dismiss the Complaint pursuant to F.R.C.P. 12(b)(6), and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,
The Margolin & Weinreb Law Group, LLP

BY:   /s/ Alan H. Weinreb
      Alan H. Weinreb, Esq.


Cc:   Alexander Kadochniikov, Esq.
      Shiryak, Gill & Kadochnikov, LLP, *Attorneys for Plaintiff* (Via ECF)

# THE MARGOLIN & WEINREB LAW GROUP, LLP

Attorneys at Law
165 Eileen Way, Suite 101
Syosset, New York 11791

ALAN WEINREB, ESQ.
C. LANCE MARGOLIN, ESQ.
CYNTHIA A. NIERER, ESQ.

(516) 921-3838
FAX (516) 921-3824
(516) 945-6055

www.nyfclaw.com

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

NOTICE OF DEFAULT
*Via Certified Mail and First Class Mail*

January 29, 2018

ALEX FRIAS
330 LEHRER AVENUE
ELMONT, NY 11003

PROPERTY ADDRESS: 330 LEHRER AVENUE, ELMONT, NY 11003

AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA: Esta notificacion es de suma importancia. Puede afectar su derecho a continuar viviendo in su casa. Si no entiende el contenido, obtenga una traduccion immediatamente.

Dear Borrower:

**You are hereby notified that this letter is an attempt to collect a debt. All information obtained will be used for that purpose.** This firm has been designated by Strategic Realty Fund, LLC, the Servicer and the Creditor of the above-referenced loan (hereinafter referred to as "the Debt") to contact you regarding the status of your account. The Creditor (also called the Holder and Beneficiary) has authorized the Servicer and this firm to act on its behalf regarding the collection of the Debt. This firm is relying on information provided by such entities. This firm makes no representation as to the enforceability of the debt. **Further notification pursuant to the Fair Debt Collection Practices Act is provided further down**

The originating creditor of your loan is Mortgageit, Inc. Should you have any questions to our firm, The Margolin & Weinreb Law Group, LLP, please contact us at 516-921-3838.

Page Two

As of January 29, 2018, the following sums are in arrears:

| | |
|---|---|
| Unpaid Installments | $188,056.47 |
| Accrued Late Charges | $3,730.86 |
| Unpaid Charges | $16,154.63 |
| Total Arrears | $207,941.96 |

On or before February 28, 2018, you must submit payment by bank check, money order, or certified funds of the total arrears to: Strategic Realty Fund, LLC. Any payment(s) and late charge(s), that come due in the interim must also be included. Prior to submitting payment, you may wish to call Strategic Realty Fund, LLC, to verify the exact amount.

Failure to correct the default by February 28, 2018 may result in acceleration of your loan. Upon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced. In foreclosure proceedings, we are entitled to collect the total debt in addition to any expenses and costs of the foreclosure including but not limited to reasonable attorneys' fees, where so provided by the terms of the mortgage. If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure where possible. Creditor or another person may acquire the Property by means of foreclosure and sale. You have the right to assert in court the non-existence of a default, that you kept your promises and agreements under the mortgage and note or any other defense. After acceleration of the debt, but prior to the foreclosure sale, you may have the right to reinstate the mortgage loan, by payment of all sums due as if immediate payment in full had not been required and to have the lawsuit discontinued, depending on the terms of the note and mortgage. We encourage you to review the provisions of the note and mortgage.

If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. However, even if a discharge has been obtained, proceedings to foreclose the loan may still be brought.

IMPORTANT NOTICE TO SERVICEMEMBER AND THEIR DEPENDENTS
If you are a servicemember who is, or recently was, on "active duty" or "active service", or a dependent of such a servicemember, you may be entitled to certain legal rights and protections, including protection from foreclosure or eviction, pursuant to the Servicemembers Civil Relief Act (50 USC App. §§501-596), as amended (the SCRA) and possibly, certain similar state statutes. If you believe you may be entitled to rights and protections under SCRA, please contact us at 516-945-6055.

If at any time, you make a request to this law firm not to be contacted by phone, we will not do so, except by legal action. NO PERSON IN THIS LAW OFFICE WILL GIVE YOU ANY LEGAL ADVICE.

Page Three

## NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT

1. The total amount of the Debt: $392,320.69. Remaining principal balance as of 01/29/2018 is $204,800.00 plus accrued interest of $167,635.20 plus accrued late charges of $3,730.86 plus unpaid charges of $16,154.63.

2. Name of the creditor to whom the Debt is owed: Strategic Realty Fund, LLC.

3. Unless you dispute the validity of the Debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the Debt is valid.

4. If you notify us in writing within thirty (30) days after receipt of this Notice that the Debt or any portion thereof is disputed, we will obtain verification of the Debt or a copy of any judgment against you representing the Debt and a copy of such verification or judgment will be mailed to you from our office.

5. Upon request in writing within thirty (30) days after receipt of this Notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

In the event that there is a manufactured house on the subject premises, should you be unable to bring your account current within thirty (30) days, it is hereby demanded that you turn same over to the Creditor.

Failure to being the loan current or turn over the above referenced manufactured home within thirty (30) days will be deemed a refusal to comply with the terms of this demand.

All communication about this matter must be made through    except those specified in this letter.

All payments must be made in certified funds, cashier's check or money order(s) payable to and mailed to Strategic Realty Fund, LLC, 4300 Stevens Creek Blvd, Suite 275, San Jose, CA, 95129, phone number is 408-557-0700.

If you are unable to bring your account current, you are urged to call Strategic Realty Fund, LLC immediately to discuss possible alternatives to foreclosure.

Respectfully,
The Margolin & Weinreb Law Group, LLP


Cc: Strategic Realty Fund, LLC